# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **ROBERT C. STEIN**<br>3205 US Highway 20 W.<br>Lindsey, Ohio 43442-9712,<br><br>       Plaintiff,<br><br>vs.<br><br>**ATLAS INDUSTRIES, INC.**<br>c/o Registered Agent<br>1327 E. Main Road<br>Woodville, Ohio 43469,<br><br>       Defendant. | CASE NO.:    3:15CV00112<br><br>Judge James G. Carr<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND**<br><br>**Widman & Franklin, LLC**<br>**John D. Franklin**<br>**Diana Robinson (0086642)**<br>**405 Madison Ave., Suite 1550**<br>**Toledo, Ohio  43604**<br>**Ph.: (419) 243-9005**<br>**Fax: (419) 243-9404**<br>john@wflawfirm.com<br>diana@wflawfirm.com<br>**Attorneys for Plaintiff** |

Plaintiff, Robert C. Stein, for his First Amended Complaint against Defendant, Atlas Industries, Inc. alleges as follows:

## PARTIES

1. Plaintiff, Robert C. Stein ("Stein"), is an individual citizen of the State of Ohio, residing in the City of Lindsey, County of Sandusky.

2. Defendant, Atlas Industries, Inc. ("Defendant"), is an Ohio Corporation doing business in the State of Ohio, with business locations in Sandusky and Seneca Counties.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 as it arises under the laws of the United States. Count One arises under the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§ et seq., providing relief from termination or change in employment status based on a necessity for the employee to take a leave of absence due to the employee suffering from a chronic/serious health condition. This Court also has jurisdiction over Count One pursuant to 29 U.S.C. §2617(a)(2). Count Two arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the state law claim in Count Two because the claim arises from the same facts and circumstances at Count One.

4. Venue is properly laid in the Northern District of Ohio under 28 U.S.C. §1391(b) because Defendants are located within Sandusky and Seneca Counties and the claims arose within Sandusky County, Ohio.

## FACTUAL ALLEGATIONS

5. Defendant was, at all times hereinafter mentioned, engaged in commerce or in an industry affecting commerce and employed fifty or more employees for each working day during each of twenty or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C. §2611(4).

6. Stein began his employment with Defendant in 1996 as a Journeyman Machinist.

7. Throughout his employment with Defendant, Stein had an excellent work record and was well qualified for the position he held.

8. Stein's son, Jordan Stein, was born on December 3, 2002. Jordan Stein was born with a medical condition called Polymicrogyria, also referred to as Bilateral Peri-Sylvian Syndrome. Throughout Stein's employment with Defendant, Jordan Stein was covered under Defendant's self-insured health care and prescription drug plan.

9. As Jordan Stein has grown older, his medical condition has deteriorated significantly, resulting in lengthy and costly hospital stays.

10. From approximately January 2013 through April 2013, Jordan Stein was hospitalized for pneumonia. He suffered complications from treatment and was on a ventilator for approximately twelve weeks. He was discharged sometime in April 2013, but was rushed back to the hospital after approximately four days at home. He then spent another three-four weeks in the hospital.

11. Again, in or around November 2013, Jordan Stein was hospitalized for three to four weeks for issues with his lungs.

12. In between hospital stays, Jordan Stein requires constant medical care and treatment.

13. Jordan Stein's medical condition has caused substantial expenditures of funds by Defendant's health care plan for his medical treatment and prescription drug costs.

14. At various times throughout his employment, Stein applied for and was granted intermittent leave under the Family Medical Leave Act ("FMLA") in order to care for Jordan Stein.

15. On more than one occasion, members of management complained of the cost of Jordan Stein's medical care to Stein and to other employees.

16. On December 23, 2013, Stein sustained a knee injury during the course of and while working within the scope of his employment with Defendant.

17. As a result of his injury, Stein filed a claim for workers' compensation benefits.

18. From December 23, 2013 through May 12, 2014, Stein was able to continue working with restrictions.

19. On May 13, 2014, Stein underwent surgery for his injury and began receiving temporary total disability payments.

20. Initially, Stein's doctor estimated that he was going to be off work until July 21, 2014. However, on July 18, 2014, Stein's doctor informed him that due to his injury, he needed to be off of work until August 10, 2014.

21. Stein's knee injury was a serious health condition as defined in 29 U.S.C. §2611(11)(B).

22. Stein's new scheduled return to work date per his doctor's instructions was to be August 10, 2014.

23. On or about July 25, 2014, Stein met with representatives of Defendant to discuss his return to work. At the meeting, Stein was informed that Defendant was terminating his employment since he did not appear for work on July 21, 2014.

24. At no time during Stein's required medical leave of absence due to his own serious health condition did Defendant offer Stein leave under the FMLA.

25. On August 14, 2014, Stein, by and through his counsel, sent Defendant a ninety day notice letter of Stein's claim of violation pursuant to Ohio Revised Code §4123.90, herein attached and marked as Exhibit A.

## COUNT ONE
## Violation of FMLA
## 29 U.S.C. §§2601 et seq.

26. Stein realleges paragraphs 1-18 as if fully set forth verbatim below.

27. Stein was an eligible employee as that term is defined in 29 U.S.C. §2611 since he had worked for Defendant for at least 12 months and for at least 1,250 hours of service prior to his injury on December 23, 2013.

28. Stein's knee injury on December 23, 2013 was a serious health condition as defined in 29 U.S.C. §2612, which entitled him to FMLA leave.

29. Stein informed Defendant that per his doctor's instructions, he was initially required to be off of work until July 21, 2014. Stein's doctor then required Stein to be off work until August 10, 2014.

30. Defendant violated the provisions of 29 U.S.C. §§2601 et seq. including 29 U.S.C. §2615 by interfering with, restraining or denying Stein the exercise of rights provided under the FMLA and/or by discharging Stein for asserting or otherwise exercising his rights under the Act.

31. As a direct and proximate result of Defendant's conduct, Stein has been damages. Stein has suffered:

      a. Lost wages;

      b. Loss of pension benefits;

      c. Loss of insurance benefits;

      d. Loss of other fringe benefits;

  e. Loss of the opportunity to continue the gainful employment in which he had been engaged;

  f. Loss of future earnings and front pay; and

  g. Time and money in endeavoring to protect himself from Defendant's violation of the FMLA, including costs and reasonable attorney's fees of this action.

## COUNT TWO
## O.R.C. § 4123.90

32. Stein realleges paragraphs 1-24 as if fully set forth verbatim below.

33. Defendant's actions have violated O.R.C. §4123.90, wherein Stein was discharged because he filed and/or instituted a claim under the Workers' Compensation Act for his injury.

34. Stein has fully complied with the statutory requirements of O.R.C. §4123.90 et al. and, as such, is entitled to appropriate relief.

35. As a direct and proximate result of Defendant's actions, Stein has been damaged. In accordance with O.R.C. §4123.90, Stein demands:

  a. Reinstatement to his former position with Defendant;

  b. Back pay;

  c. Reinstatement of insurance benefits and fringe benefits; and

  d. Recoupment of money in endeavoring to protect himself from Defendant's unlawful conduct, including costs and reasonable attorney's fees of this action.

## COUNT THREE
## ERISA § 510

36. Stein realleges paragraphs 1-31 as if fully set forth verbatim below.

37. Defendant has an employee benefit plan that insures the healthcare needs of its employees and their dependents. This employee benefit plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA).

38. Stein and his dependent, Jordan Stein, were participants and/or beneficiaries under Defendant's employee benefit plan at all times relevant to this suit. Stein maintained health insurance for himself and for Jordan Stein according to the terms of the employee benefit plan.

39. On July 25, 2014, Defendant terminated Stein and, subject only to temporary COBRA benefits, the termination eliminated Plaintiff's healthcare coverage for himself and his beneficiaries thereby terminating Defendant's obligation to fund their healthcare costs.

40. Defendant's decision to terminate Plaintiff was motivated by the medical bills incurred in connection with Jordan Stein's healthcare treatment by the employee benefit plan in which Stein participated, Stein's exercise of rights under Defendant's healthcare insurance employee benefit plan, and Defendant's desire to deprive Stein of further access to the benefits under the applicable employee benefit plan and/or in retaliation for his receipt of benefits under said plan.

41. Defendant's termination of Stein constitutes a violation of ERISA § 510 (29 U.S.C. § 1140.

42. As a direct and proximate result of Defendant's actions, Stein has been damaged. Stein demands:

    a. Reinstatement to his former position with Defendant;

    b. Back pay;

    c. Reinstatement of insurance benefits for himself and his dependents; and

    d.   Payment of healthcare bills and other healthcare payments for himself and his dependents

    e.   Recoupment of money in endeavoring to protect himself from Defendant's unlawful conduct, including costs and reasonable attorney's fees of this action.

**WHEREFORE,** Stein prays as follows:

A.    That this Court award such equitable relief as is proper as compensation for Stein's loss of the opportunity to engage in gainful employment, including relief in the form of front pay;

B.    That this Court award Stein an amount to be determined at trial as compensation for loss of the opportunity to engage in gainful employment, and future earning for humiliation, embarrassment, and loss of reputation;

C.    That this Court award Stein an amount to be determined at trial as compensation for lost pension, insurance, and other fringe benefits;

D.    That this Court award Stein back pay from the date of trial with interest;

E.    That this Court award Stein punitive damages;

F.    That this Court award all remedies available pursuant to 29 U.S.C. §2617, including liquidated damages; and

G.    That this Court grant Stein such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/John D. Franklin*
John D. Franklin (0055359)
Diana Robinson (0086642)
Widman & Franklin, LLC
405 Madison Ave., Suite 1550
Toledo, Ohio 43604
john@wflawfirm.com
diana@wflawfirm.com
Ph.: (419) 243-9005
Fax: (419) 243-9404
Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY**

*/s/John D. Franklin*
John D. Franklin (0055359)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Amended Complaint was filed electronically on December 21, 2015. Notice of this filing will be sent to Counsel for Defendant, by operation of the Court's electronic filing system.

*s/John D. Franklin*
John D. Franklin (0055359)